UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:15-cr-0053-TWP-DKL-1 |
| | ) | |
| HANNAH K. BARTON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On July 23, 2015, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 8, 2015. Defendant Barton appeared in person with her appointed counsel, Michael Donahoe. The government appeared by Matthew Lasher, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Jay Hardy.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Barton of her rights and provided her with a copy of the petition. Defendant Barton waived her right to a preliminary hearing.

2. After being placed under oath, Defendant Barton admitted violations 1, 3, 4, and 5. [Docket No. 4.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"The defendant shall be placed on home detention for a period of six months, to commence within 30 days of release from imprisonment. During this time, the defendant shall remain at place of residence except for employment or other activities approved in advance by the probation officer. The defendant shall maintain a telephone at place of residence without any special services, modems, answering machines, or cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department."** |

On May 18, 2015, location monitoring records reflect the offender left her residence at 1:46 AM and did not return until 2:05 AM. The offender was not scheduled to be out of her residence at that time. The offender denied she left the residence.

On June 14, 2015, location monitoring records reflect the offender did not return to her residence at 12:30 AM which was her scheduled enter time. She entered her residence at 9:35 AM. The offender left a voice mail for the probation officer at 4:23 PM on the same day indicating she "messed up" and had fallen asleep on a female coworkers couch watching television. The probation officer confronted the offender the same day and she provided the same explanation. Her account was verified by the female coworker.

The probation officer did not approve in advance either of the above noted times out of the residence for the offender.

| | |
|---|---|
| 3 | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."** |
| 4 | **"The defendant shall not have contact with any of the codefendants in this case during her term of supervised release."** |

On June 26, 2015, the Bureau of Prisons provided documentation the offender communicated in excess of 50 times via email with Beth Keonoi Alfroukh since March 23, 2015. Both are convicted felons. Mr. Alfroukh is a codefendant and the offender's ex-boyfriend. Documents provided by the Bureau of Prisons also indicate the offender sent a money order to Jennifer Rawlings, a convicted felon and also a codefendant. Telephone records from the Bureau of Prisons reflect the offender spoke to Ms. Keonoi three times on May 11, 2015.

> The probation officer did not give the offender permission to associate with any of the convicted felons and or codefendants noted above. Telephone logs and sample emails sent from the offender are available for the Court's review.

5      **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**

> On June 16, 2015, the probation officer asked the offender if she had had any contact with anyone convicted of a felony or drug related misdemeanor in the past thirty days. The offender stated "no." Documents provided by the Bureau of Prisons indicate the offender had contact via email with both Ms. Keonoi and Mr. Alfroukh on May 24, 2015. On July 2, 2015, the offender completed a monthly report form for June 2015 and marked "no" to the question "Did you have any contact with anyone having a criminal record?" Bureau of Prison records indicate the offender emailed both Mr. Alfroukh and Ms. Keonoi on June 20, 2015.

4.  The Government filed a Motion to Dismiss Violation Alleged in Petition for Warrant or Summons for Offender Under Supervision [Dkt. 9] and the Court grants Governments motion and orders violation 2 dismissed.

4.  The parties stipulated that:

    (a)   The highest grade of violation is a Grade C violation.

    (b)   Defendant's criminal history category is II.

    (c)   The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5.  The parties jointly recommended a modification to Defendant Barton's current conditions of supervised release to include electronic monitoring and residing at a Residential Reentry Center.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that her supervised release should be modified as follows:

1. Defendant Barton is to be released on RF monitoring pending approval of the Report and Recommendation and designation by the Federal Bureau of Prisons to a Residential Reentry Center;

2. Defendant is to reside at a Residential Reentry Center for a period of 6 months.  Defendant is to continue drug counseling while residing at a RRC; and

3. Defendant is to be placed on GPS monitoring for a period of 6 months upon release from the Residential Reentry Center.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated:  07/28/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal